```
Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Facsimile:  619-241-8309
```

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WATERBURY,<br><br>      Plaintiff,<br>   vs.<br><br>SONY BUILDERS INC., a California corporation,<br><br>      Defendant. | Case No.: '22CV0969 BEN DEB<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991; Violation of California Penal Code § 637.2** |

COMES NOW Plaintiff STEVEN WATERBURY (hereinafter referred to as "Plaintiff") who alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

- 1 -

Complaint

2.      Defendant SONY BUILDERS INC. ("SONY" or "Defendant") is an corporation who is doing business in the County of San Diego, State of California, and is located at 357 South Fairfax Ave, #247 in Los Angeles, California.

3.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

5.      Defendants made ten (10) live calls to Plaintiff's residential cellular phone number ending in 0125 wherein they tried to pitch remodeling services on the following dates and times and using the following Caller ID ("CID") numbers:

- September 15, 2021; CID 760-802-6960
- September 23, 2021; CID 619-975-2252
- September 23, 2021; CID 909-365-9932
- September 27, 2021; CID 909-365-9932

- 2 -
Complaint

- September 28, 2021; CID 909-365-9932
- September 28, 2021; CID 909-365-9932
- September 28, 2021; CID 909-365-9932
- September 30, 2021; CID 310-253-6698
- September 30, 2021; no CID provided
- October 3, 2021; CID 310-253-6698
- February 17, 2022; CID 619-268-5902
- March 25, 2022; CID 619-677-7261

6. Plaintiff's residential cellular phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from 2003 to the present.

7. Plaintiff's cellular number is purely personal and residential and is not used in any way shape or form to operate any business entity or concern.

8. Each of the calls complained of was initiated using an automated telephone dialing system which used a random or sequential number generator to determine the order in which to pick phone numbers from a preproduced list.

9. While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

**Call Details and Liability**

10. Plaintiff answered all of the calls list in paragraph 5 of this complaint.

11. In the calls for September 15, 2021; CID 760-802-6960, September 23, 2021; CID 619-975-2252, September 28, 2021; CID 909-365-9932, February,

17, 2022; CID 619-268-5902, and March 25, 2022; CID 619-677-7261, after Plaintiff answered the call, he spoke with an individual on the call who told Plaintiff that they were from "Sonny Builders" and talked about a kitchen remodel.

12. Plaintiff never requested any quote or other service related to any kitchen remodel or any other service from any "Sonny Builders".

13. In the calls for September 23, 2021; CID 909-365-9932, September 27, 2021; CID 909-365-9932, September 28, 2021; CID 909-365-9932, September 28, 2021; CID 909-365-9932, and September 28, 2021; CID 909-365-9932 Plaintiff answered the call but there was no one on the line.

14. However, in the calls listed in paragraph 13, all of the calls used the same CID 909-365-9932 as the last call on September 28, 2021 in which Plaintiff was told by the person on the line that the call was from "Sonny Builders".

15. In the calls on September 30, 2021; CID 310-253-6698 and September 30, 2021 which had no CID, Plaintiff received a voice message from a person who stated they were calling with "Sonny Builders".

16. Plaintiff never gave consent to any "Sonny Builders" to call him.

17. Plaintiff had never done any business with any "Sonny Builders".

18. Plaintiff had never given any consent for the Defendant to call him.

19. Plaintiff had never done any business with the Defendant.

20. Plaintiff had not given consent to be called regarding any kitchen remodeling or any other construction services to any person or on any website.

21. Plaintiff alleges on information and belief that each person he spoke to on any of the calls answered in paragraphs 5 and 11 of this complaint were employed by Defendant directly to make telemarketing calls in addition to any other duties they may have.

22. Plaintiff alleges on information and belief that each person he spoke to on any of the calls answered in paragraphs 5 and 11 of this complaint were hired by Defendant if not directly employed by Defendant as Defendant's agent to make telemarketing calls in addition to any other duties they may have.

23. Plaintiff alleges on information and belief that each person who left him a voice message as alleged in paragraphs 5 and 15 of this complaint were employed by Defendant directly to make telemarketing calls in addition to any other duties they may have.

24. Plaintiff alleges on information and belief that each person who left him a voice message as alleged in paragraphs 5 and 15 of this complaint were hired by Defendant if not directly employed by Defendant as Defendant's agent to make telemarketing calls in addition to any other duties they may have.

25. Plaintiff alleges on information and belief that for each call in which he answered and no one was on the line in paragraphs 5 and 13 of this complaint

those calls were made by persons who were employed by Defendant directly to make telemarketing calls in addition to any other duties they may have.

26. Plaintiff alleges on information and belief that for each call in which he answered and no one was on the line in paragraphs 5 and 13 of this complaint those calls were made by persons hired by Defendant if not directly employed by Defendant as Defendant's agent to make telemarketing calls in addition to any other duties they may have.

27. Plaintiff alleges on information and belief that for all calls alleged that the employee or agent of Defendant who made the call did so on behalf of the Defendant.

28. Plaintiff alleges on information and belief that for all calls alleged that the employee or agent of Defendant who made the call did not scrub the number against the Do-Not-Call Registry.

29. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the calls were being make to telemarked the services of Defendant.

30. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the telemarketing calls alleged were being made on the behalf of the Defendant.

31. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers knew that the calls being made were not scrubbed against the Do-Not-Call Registry.

32. Plaintiff alleges on information and belief that for all calls alleged that the Defendant's owners, executives and managers were willfully ignorant of the actions of their employees and agents who were making the alleged calls on Defendant's behalf if they did not have direct knowledge.

**Actual Harm Allegations**

33. Plaintiff has been harmed by the junk calls a complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

34. The Plaintiff alleges that all of the calls were an invasion of his privacy.

35. During at least one of the calls at issue Plaintiff wanted to make an outgoing call at the same time and was not able to do so, being involuntarily disposed of the use of his phone by Defendants' illegal calls.

## FIRST CAUSE OF ACTION
[TCPA Violation – Do Not Call List – For All Ten (10) Calls]

36. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

37. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

38. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

39. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

40. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did

Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

41. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiff prays for judgment against defendant, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On ALL CAUSES OF ACTION:

1. For attorney's fees pursuant to any applicable statutes.
2. For costs of suit herein incurred; and
3. For such further relief as the Court deems proper.

DATED: 07/1/2022                                **PRATO & REICHMAN, APC**

　　　　　　　　　　　　　　　　　　　　　　　__/s/ Justin Prato Esq._____
　　　　　　　　　　　　　　　　　　　　　　　By: Justin Prato Esq..
　　　　　　　　　　　　　　　　　　　　　　　**Prato & Reichman, APC**
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff